# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT, | Case No. 1:21-cv-00768-NONE-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | (Doc. 8) |
| TULARE COUNTY, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Rune Kraft, appearing *pro se*, filed this action on May 13, 2021 (Doc. 1), along with a "Request for Non-Prisoner Pro Se Party for Electronic Noticing" (Doc. 2) and a "Motion to Allow Electronic Filing By a Party Appearing Without an Attorney" (Doc. 3). The Court denied Plaintiff's request for permission to receive notice and motion to file through CM/ECF on May 18, 2021. (Doc. 7.) On May 21, 2021, Plaintiff filed a motion requesting the Court to reconsider his request for electronic noticing and case filing, asserting that the lack of the ability to receive notice and to file through the CM/ECF system will disadvantage him in this litigation. (Doc. 8.)

## II. LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if

there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) of the United States District Court, Eastern District of California ("Local Rule") requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

### III. DISCUSSION

Pursuant to the Local Rules, a *pro se* party shall file and serve paper documents as required by the Rule. E.D. Cal. L.R. 133(a), 135(b). A party appearing *pro se* may request an exception to the paper filing requirement from the Court by filing a stipulation of the parties or by motion. E.D. Cal. L.R 133(b)(2), (3). The Court previously found that this action does not warrant an exception to the Local Rule and Plaintiff's motion for permission to receive notice and to file through CM/ECF, which provided no reasons to the contrary, was denied. (Doc. 7.) Plaintiff's instant motion contends that the Court should reconsider permitting electronic noticing and case filing through CM/ECF because Plaintiff would be disadvantaged in this litigation if denied that ability. (*See* Doc. 8.)

Plaintiff has not put forth "newly discovered evidence," has not shown that the Court "committed clear error," nor shown "an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (internal quotations marks and citations omitted). The disadvantages alleged by Plaintiff could have been presented in the original motion, and Plaintiff does not demonstrate any change in the controlling law. Moreover, the alleged disadvantages do not evidence "clear error," in that they do not persuade the Court that it should override the default posture of the Local Rules requiring *pro se* parties to file and serve paper documents. As Plaintiff's motion for reconsideration establishes, he can access PACER to view and download documents filed in this matter instead of waiting to receive them via mail. (*See* Doc. 8 at 3.) Indeed, Plaintiff's inability to receive notice and to file electronically does not appear to have hampered his ability to

litigate this case to date: the docket reflects that Plaintiff, despite his Wilmington, Delaware address, was able to secure the filing of his motion for reconsideration with this Court only three days after it entered the order that is the subject of the motion.

To the extent Plaintiff requires more time to file and or respond to filings in the future, he may enter into a stipulation with the defendants or, if a stipulation cannot be reached, he may request an enlargement of time from the Court upon a showing of good cause (to which the Court will accord some deference, given his *pro se* status). *See* E.D. Cal. L.R. 144. Finally, Plaintiff is informed that the Court will not view his paper filings as "impaired" by the Court's scanning processes, and he is further advised that the Court's scanning capabilities include optical character recognition (OCR) to permit searching capability should the end-user chose to apply it.

### IV. ORDER

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **May 25, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE