UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT,<br><br>        Plaintiff,<br><br>    v.<br><br>TULARE COUNTY, et al.,<br><br>        Defendants. | No. 1:21-cv-00768-NONE-SKO<br><br><u>ORDER DENYING REQUEST FOR RECONSIDERATION RE REQUST FOR PERMISSION TO E-FILE</u><br><br>(Doc. No. 10) |

      Plaintiff Rune Kraft is proceeding *pro se* in this civil action initiated on May 13, 2021. (Doc. No. 1). On May 13, 2021, plaintiff filed a "Request for Non-Prisoner *Pro Se* Party for Electronic Noticing" (Doc. No. 2) and a "Motion to Allow Electronic Filing By a Party Appearing Without an Attorney" (Doc. No. 3). The assigned magistrate judge denied plaintiff's request for permission to receive notice and file through the electronic case management system, finding that plaintiff had provided no justification for the request. (Doc. No. 7.) On May 21, 2021, plaintiff filed a request for reconsideration, arguing, among other things, that his ability to prosecute this action would be hampered if he is required to wait for mail to be delivered from Fresno to Wilmington, Delaware, where he resides. (Doc. No. 8.) He specifically complains that mail delays put him at a disadvantage because he cannot work on filings right up to the relevant deadline but instead must arrange for mailing several days in advance. (*Id*.) The magistrate

1

judge again rejected this request, explaining that: (1) plaintiff may utilize a PACER account to download documents filed in this matter, rather than waiting to receive them via mail; (2) plaintiff has demonstrated his ability to litigate this case without e-filing permission, having filed a motion for reconsideration only three days after the court entered an order; and (3) to the extent plaintiff nonetheless requires additional time he may request an enlargement of time from the court. (*Id*. at 2–3.)

On June 22, 2021, plaintiff filed yet another motion for permission to receive and make electronic filings, (Doc. No. 10), which the undersigned construes as a request for reconsideration of the magistrate judge's previous rulings. As a threshold matter, plaintiff appears to be confused about the role the magistrate judge is playing in this case, as he indicates in a footnote that he has not consented to the adjudication of this matter by the magistrate judge. (*Id*. at 1 n.1.) Pursuant to this court's Local Rule 302(a), <u>even in cases where consent is absent</u>, magistrate judges "perform <u>all</u> duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law." (Emphasis added.) The items specifically enumerated in Local Rule 302(c) are expressly not the limit of this "general grant." *See* E.D. Cal. Local Rule 302(a). Under Local Rule 133(c) a *pro se* party may not utilize electronic filing "except with the permission of the assigned Judge <u>or Magistrate Judge</u>." (Emphasis added.) This is a clear indication that the Local Rules permit magistrate judges to make determinations as to the non-dispositive pretrial issue of whether a *pro se* party may utilize electronic filing. Such matters are subject to review by the district under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A).

Under the clearly erroneous or contrary to law standard, plaintiff's motion clearly fails. He simply reiterates his previous arguments and fails to demonstrate anything other than a difference in opinion vis-à-vis the magistrate judge. Even if the issue were subject to de novo review, the undersigned would reach the same conclusion as the magistrate judge. In this district, which is one of the busiest in the Nation, *pro se* electronic filing is by far the exception, not the rule. The undersigned agrees that plaintiff has not demonstrated why his situation is demonstrably different than any other *pro se* party that comes before the court. To the contrary,

plaintiff has already shown a tendency to multiply the proceedings and to not carefully consider the implications of the local rules of this court.

Accordingly, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **June 25, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE