**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUNE KRAFT,<br><br>    Plaintiff,<br><br>    v.<br><br>TULARE COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-00768 JLT SKO<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED FOR LACK OF STANDING<br><br>FOURTEEN DAY DEADLINE<br><br>(Doc. 23) |

Rune Kraft seeks to proceed *pro se* in this action, alleging he is the assignee of the relevant claims regarding real property purportedly owned by Pacific Real Estate Holdings, Inc. (*See generally* Doc. 23.) As the assignee, he seeks to represent Pacific in this action. (*See id.* at ¶ 20 ["On March 1, 2021, Pacific assigned its claims related to this matter to Kraft."].) Thus, he attempts to assert these claims on behalf of Pacific, not as an individual, (*see id*.), and the only remedy sought is on behalf of Pacific. (*Id*. at ¶ 47.)[1]

Significantly, however, the FAC fails to allege facts demonstrating Plaintiff has standing to

---

[1] Plaintiff alleges that he sufficiently pleads an injury-in-fact, the first element of Article III standing, because "Pacific paid $ 2,560,000 for parcels constituting about 4,079,394 square feet, memorialized the purchases in the records of Tulare County and Kings County, then individuals and corporate entities located in Tulare County and Kings County recorded void documents in the public records of Tulare County and Kings County that show that Pacific Real Estate Holdings, Inc. sold and/or encumbered the real properties described herein when Pacific Real Estate Holdings, Inc. did not sell and/or encumber the real properties described herein." (Doc. 23 at ¶ 47.)

1

raise a claim on Pacific's behalf—even if the claim was assigned to him. Without explanation, Plaintiff conclusively asserts that Defendants' actions injured his proprietary interests in Pacific's injuries and continues that the Court "should have no difficulty concluding that the Plaintiff's injuries would be redressed if the Plaintiff could obtain the relief asked for." (Doc. 23 at ¶ 50.) He further alleges that "[a]s an assignee of Pacific, Plaintiff has standing to assert the injuries in fact suffered by Pacific based on the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor." (*Id*. at ¶ 52.) As Plaintiff is aware, these contentions are in direct conflict with a prior order of a court within this Circuit dismissing Plaintiff's complaint for analogous reasons.

In *Kraft v. Chevron Corp.*, Plaintiff similarly alleged that the corporations he sought to represent had "assigned their claims related to this matter" to him. 2021 WL 5882626, at *2 (D. Ariz. Dec. 10, 2021). The U.S. District Court for the District of Arizona ordered Plaintiff to "either find a licensed attorney to appear on behalf of the corporate entities he claimed to represent or show cause why any claims related to unrepresented corporate entities should not be dismissed." *Id*. at *1. In responding to the OSC, Plaintiff also argued that "as an assignee, he is representing his proprietary interests." *Id*. at *2. The court was unpersuaded by this argument:

> Plaintiff is not the first *pro se* plaintiff to have tried such a strategy. District courts, however, have repeatedly rejected such tactics. "[A] pro se litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her." *Kumaran v. ADM Inv'r Servs.*, 2020 WL 4926263, at *1 (S.D.N.Y. Aug. 20, 2020) (*citing United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)). *See also Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 816 (E.D. Mich. 2009) ("A corporation's claims, even when purportedly 'assigned' to an individual, must be litigated by a licensed attorney."). The rule aims to "protect[ ] the court and the public from irresponsible behavior by lay advocates who lack many of the attorney's ethical and legal responsibilities and who often are incapable of presenting legal arguments in an articulate, concise manner." *Bischoff*, 660 F. Supp. 2d at 820 (citation omitted). Here, Plaintiff … has failed to present a compelling legal argument as to why the policy requiring corporations to be represented by counsel should not apply to him. To the contrary, the Court finds the policies underlying these rules would be thwarted if Plaintiff is permitted to continue representing these corporations *pro se*.
>
> Nor does the Court find the fact that Plaintiff styled the case in his own name persuasive; instead, this appears to be a veiled attempt to subvert

the policies underlying these rules. *See e.g.*, *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18 (S.D.N.Y. 1974) (rejecting plaintiff's attempt to change the title of the action "from *Mercu-Ray Industries, Inc.*, plaintiff, to James Scott Kreager, plaintiff," to obviate the fact that his corporation was not represented by counsel).

*Id*. at *2-3.

Lest these rules seem ambiguous to Plaintiff, the Court reiterates the glaring issues his FAC presents. In accord with *Chevron*, Plaintiff cannot bring claims on behalf of Pacific while proceeding *pro se* in this action. The Ninth Circuit determined the right to represent oneself does not extend to representation of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Moreover, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc*., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney."). The purpose of this restriction is to "protect[] the court and the public from irresponsible behavior by lay advocates who lack many of the attorney's ethical and legal responsibilities and who often are incapable of presenting legal arguments in an articulate, concise manner." *Chevron*, 2021 WL 5882626, at *2 (quoting *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009)). Finally, the fact that Pacific purportedly assigned its claims to Plaintiff "for purposes of this matter" does not render these rules inapplicable to him. *Chevron*. 2021 WL 5882626, at *2. Thus, as a *pro se* litigant and the sole named Plaintiff, Rune Kraft appears to lack standing to raise a claim on Pacific's behalf.

///
///
///
///
///
///
///
///

Accordingly, **within 14 days,** Plaintiff **SHALL** show cause in writing why the action should not be dismissed for lack of standing. Alternatively, within 14 days, Plaintiff may voluntarily dismiss the action. **Plaintiff is warned that failure to comply with this order may result in dismissal of the action without prejudice for failure to prosecute and failure to obey a Court's order**.

IT IS SO ORDERED.

Dated:   **February 6, 2023**

UNITED STATES DISTRICT JUDGE