UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT,<br><br>        Plaintiff,<br><br>    v.<br><br>TULARE COUNTY, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-00768 JLT SKO<br><br>ORDER DISMISSING CASE FOR LACK OF STANDING<br><br>(Doc. 23) |

Rune Kraft seeks to proceed *pro se* in this action, alleging he is the assignee of the relevant claims regarding real property purportedly owned by Pacific Real Estate Holdings, Inc. (*See generally* Doc. 23.) The Court issued an order to show cause regarding Plaintiff's standing in this action. (Doc. 60) to which Plaintiff responded on February 21, 2023. (Doc. 61.) For the reasons set forth below, the case is **DISMISSED**.

I.      **Background and Allegations**

Plaintiff alleges six parcels of real property owned by Pacific Real Estate Holdings, Inc. were never sold, although the records reflect otherwise. (Doc. 23.) According to Plaintiff, Pacific "assigned its claims related to this matter" to him on March 1, 2021. (*Id*. at ¶ 20.) On May 13, 2021, Plaintiff filed an action against Tulare County, Kings County, and the Assessor/Clerk-Recorder for each county under the doctrine "*Nemo dat quod non habet*," asserting he "has a legal entitlement to not be divested

1

of his real properties located in Tulare County and Kings County by void documents." (*Id*. at ¶ 12.)[1] The FAC does not explicitly allege wrongdoing by any Defendant although it refers to the deeds as "forged." (*See id*. at ¶¶ 36-37 ["[t]here is no question that a forged document is void ab initio and constitutes a nullity"]; ¶ 40 [stating that "a trust deed obtained by means of forgery is void"].) The FAC also alleges that the "Government Defendants" are "exclusively responsible" for the recording of documents and "nothing enters these records without the Government Defendants' acts, practices, and consent to record the documents." (*Id*. at ¶ 53.) As such, Plaintiff alleges there is a causal connection because "the void documents are inside their public records." (*Id*. at ¶ 54.) Accordingly, he seeks to have the Court establish that any public records showing the properties at issue were sold and/or encumbered are void *ab initio* and constitute nullities. (*Id*. at ¶¶ 13, 49.)

Upon examination of the FAC, the Court determined Plaintiff appeared to lack standing and ordered Plaintiff to show cause why the case should not be dismissed. (Doc. 60.) Plaintiff responded to the OSC on February 21, 2023. (Doc. 61.)[2]

## II.     Discussion and Analysis

### A.     *Sua sponte* determination is proper

As an initial matter, Plaintiff erroneously contends that because standing was not an issue raised by the parties, the Court has somehow failed to adhere to the doctrine of stare decisis.[3] (Doc. 61 at 7-8.) To be clear, the issue of standing is not only appropriate for the Court to raise *sua sponte*, it is the Court's duty to address such a jurisdictional issue before reaching a case's merits. *See Dittman v. California,* 191 F.3d 1020, 1025 (9th Cir. 1999) (a federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction"); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing."); *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567,

---

[1] On August 5, 2021, Plaintiff added Brenda Avalos and Avenal Developers LLC—named owners to certain real property at issue—as Defendants in his First Amended Complaint. (Doc. 23.)

[2] Also pending are Kings County's, Tulare County's, and Avenal's motions to dismiss (Docs. 25, 26, 37) and Plaintiff's motion for summary judgment. (Doc. 44.) Because the case is dismissed, the four pending motions are **DENIED AS MOOT**.

[3] The issue of standing was raised in Defendant County of Tulare's motion to dismiss. (*See* Doc. 26 at 6.)

2

593 (2004) (explaining that it is the obligation of the district court "to be alert to jurisdictional requirements"). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988).

### B. Plaintiff has not established standing

Plaintiff maintains he has standing to bring this action by pointing to inaccuracies perceived in the Court's order to show cause and by relying on the same bases and authority as he does in the FAC. (*See* Doc. 61.) Though the Court finds no compelling argument in Plaintiff's response, it will address the assertions made therein.

#### 1. It is immaterial that no corporation is named as a plaintiff

First, Plaintiff initially contends he is only representing himself, which is evident because he is the only *named* plaintiff and the word "represent" is not used in the FAC. (Doc. 61 at 8.)[4] In light of case law and Plaintiff's litigation history, these arguments hold little weight. The *Chevron* court as well as this Court have elucidated that assigning claims does not permit circumvention of the long-standing rule that a corporation may not be represented by a *pro se* individual. *See Kraft v. Chevron Corp.*, 2021 WL 5882626, at *2-3 (D. Ariz. Dec. 10, 2021) *appeal dismissed*, No. 22-16087, 2023 WL 371647 (9th Cir. Jan. 10, 2023).

Plaintiff takes the position that being the only named plaintiff resolves the issue and that because he is the only named plaintiff, the cases cited by the Court are inapplicable or "fraudulently cited." (Doc. 61 at 22-23.)[5] As the *Chevron* court reasoned, Plaintiff's position is not compelling. 2021

---

[4] Plaintiff also contends the order in *Chevron*, stemming from Plaintiff being ordered to show cause for analogous reasons, was adjudicated based on lies and fraud by the Honorable Diane J. Humetewa, U.S. District Judge of the U.S. District Court for the District of Arizona. (*See* Doc. 61 at 15-22 [Section "4.4"].) Put briefly, Plaintiff's assertions appear to be made in bad faith. Whether to express his views or to move this Court to reconsider another court's order, Plaintiff's claims in this regard will not be entertained, nor will the arguments made in this section be considered in determining standing.

[5] *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 663-66 (9th Cir. 2008) (ERISA case where the court examined 28 U.S.C. § 1654 and general principles precluding *pro se* representation of a corporation and rejecting similar argument that the rule didn't apply to plaintiff because the case wasn't same type of action); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (no corporation or individual named as plaintiff, which means plaintiff is representing only himself);*United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (no corporation named as a plaintiff); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th

WL 5882626, at *3 (finding the fact that Plaintiff styled the case in his own name unpersuasive). Whether a corporation is not named—or is subsequently removed—as a plaintiff is immaterial to the Court's determination of the remaining individual's standing. Like *Chevron* and the cases cited therein, this appears to be another "veiled attempt" to avoid the rule from being applied to him, largely due to the similarity of Plaintiff's attempts in the past, wherein he was admonished not to appear on behalf of anyone but himself and was threatened with sanctions should he further attempt to do so. *See, e.g.*, *Chevron*, 2021 WL 5882626, at *3 (dismissing the case and analogizing Plaintiff's attempts to a case in which a corporation attempted to substitute its name with an individual's to evade the rule); *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 913 (C.D. Cal. 2016) ("Plaintiff may appear *in pro per* for himself only. He may not represent anyone else in federal court."); *Inland Concrete Enterprises, Inc. v. Kraft Americas L.P.*, 2015 WL 11233232, at *2 (C.D. Cal. July 6, 2015) ("Finally, the Court admonishes defendants that Kraft Americas L.P. may not proceed or file anything *pro se*.") (emphasis omitted); *Kraft v. Old Castle Precast Inc.*, 2015 WL 11232401, at *1-3 (C.D. Cal. July 20, 2015) (after filing a complaint on behalf of himself and Kraft Americas L.P., a Delaware limited partnership, the court admonished Plaintiff that "if he persists in submitting documents on behalf of KALP or otherwise purporting to represent KALP in this case, he may face sanctions — including monetary sanction, dismissal without prejudice of his complaint, and/or dismissal *with* prejudice of his complaint.") (emphasis in original); *24-7 Grp. of Companies, Inc. v. Roberts*, 2014 WL 12708874, at *1 (D. Nev. Dec. 8, 2014) (action was dismissed due to failure of plaintiff corporation, for which Mr. Kraft was chairman, to secure counsel); *United States ex rel. Kraft v. Calportland Constr.*, 2018 WL 4378757, at *1 (N.D. Cal. June 15, 2018) ("Plaintiff may only pursue a qui tam[] action under the [False Claims Act] when represented by counsel.").

  Accordingly, contrary to Plaintiff's assertion that there is no indication of an intent to circumvent the law, the Court concludes that is precisely what Plaintiff attempts to now do in the Eastern District of California.

---

Cir. 2004) (same); *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 816 (E.D. Mich. 2009) (corporation originally named then substituted to individual under guise of assignment).

4

### 2. Plaintiff provides largely the same argument and authority from the FAC

In furthering his main argument, Plaintiff uses nearly identical language to that used in the FAC. (*Compare* Doc. 23, ¶¶ 43-52 *with* Doc. 61 at 11-13.) He also relies on the same case authority. (*Compare* Doc. 23 at ¶ 52 *with* Doc. 61 at 13-15.) As the Court noted when ordering Plaintiff to show cause, the case law Plaintiff relies upon has no bearing on this action, where the Court is making a determination of standing based on a purported assignment from a corporation to an individual proceeding *pro se*. Most of the cases cited by Plaintiff either did not involve a *pro se* individual or did not address whether proceeding *pro se* was appropriate.[6] *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 765-66 (2000) (whether a private person may bring a *qui tam* action on behalf of the federal government under the False Claims Act); *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 465-67 (1962) (issues of fact precluded summary judgment in conspiracy to restrain trade case under the Sherman Law brought by the assignee of a dissolved corporation and represented by counsel); *Automatic Radio Mfg. Co. v. Hazeltine Rsch., Inc.*, 339 U.S. 827, 829-30, (1950), *overruled in part by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969) (license and royalty lawsuit brought by a represented corporation as assignee of licensor's interest in a patent license agreement); *Hubbard v. Tod*, 171 U.S. 474, 494 (1898) (addressing priority of parties' liens and security redemption rights); *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 528-29 (1995) (action involving the Carriage of Goods by Sea Act and its accordance with foreign arbitration clause in maritime bill of lading brought by subrogated insurer); *Musick, Peeler & Garrett v. Emps. Ins. of Wausau*, 508 U.S. 286, 288 (1993) (subrogated insurer's right to seek contribution under the Securities and Exchange Act).

### 3. Plaintiff's new assertions do not establish standing

Finally, Plaintiff makes various bare-bones assertions not contained in the FAC and lacking the requisite factual support to establish standing. First, he contends the claim was not assigned to him on March 1, 2021, rather, he "merely notified Pacific that he would initiate an action pursuant to a March

---

[6] Plaintiff also asserts that "the text of Fed. R. Civ. P. 25(c) explicitly proclaims that 'if an interest is transferred, the action may be continued by or against the original party'." (Doc. 61 at 15.) Plaintiff offers no argument to explain how this rule applies or supports his position, thus, the Court declines to consider it.

5

7, 2003 agreement." (Doc. 61 at 8.) However, Plaintiff does not direct the Court to any allegation in the FAC mentioning a 2003 agreement, nor did he attach the agreement to his FAC.[7] It appears the only allegation concerning interactions between Plaintiff and Pacific is the assignment on March 1, 2021. (Doc. 23 at ¶ 19.)

      Second, Plaintiff argues he does not allege that he represents "anybody other than his own proprietary interests" and this action is based upon injuries *he* "has incurred based on property and rights that he owns <u>and</u> property and rights he holds as part of financing agreements." (Doc. 61 at 8, 11 [emphasis in original].) Again, such hollow contentions are not supported by any allegations in the FAC, nor does Plaintiff attempt to provide any new factual support for such conclusions. Rather, Plaintiff has not alleged *any* claims on behalf of himself. (*See, e.g.,* Doc. 23 at ¶ 19 ["Pacific purchased the properties"]; ¶¶ 26-28, 47 [alleging Pacific never sold the properties, and as such, public records showing otherwise "are injuries in fact suffered by Pacific"]; ¶ 48 [alleging that if the void documents weren't recorded, the records would show Pacific is the owner of the properties].)

      Plaintiff makes another conclusory allegation that "[t]he necessary connection can be drawn logically: Defendants' challenged actions injured Plaintiff's proprietary interests. The Court should have no difficulty concluding that the Plaintiff's injuries would be redressed if the Plaintiff could obtain the relief asked for." (Doc. 23 at ¶ 50.) However, the Court *does* find such a conclusion difficult, if not impossible to reach. In both the FAC and response, there is no indication Plaintiff owns the property at issue. There is no indication of an injury he has sustained. Most importantly, Plaintiff expressly alleges that as assignee, he "has standing *to assert the injuries in fact suffered by Pacific* based on the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor." (*Id*. at ¶ 52 [emphasis added].) As Plaintiff has been reminded repeatedly, irrespective of a purported assignment, Plaintiff may not appear *pro se* on behalf of a corporation such as Pacific. *Bischoff v. Waldorf*, 660 F. Supp. 2d at 816 ("A corporation's claims, even when purportedly 'assigned' to an individual, must be litigated by a licensed attorney."); *see also* E.D. Cal. L.R. 183(a)

---

[7] The Court has reviewed Plaintiff's affidavit and attached exhibits. (Doc. 61-1.) These exhibits fail to cure the deficiencies identified by the Court sufficient to establish standing.

("A corporation or other entity may appear only by an attorney."). Thus, Plaintiff's factual allegations demonstrate he lacks Article III standing to bring claims on behalf of Pacific and the action is **DISMISSED**.[8]

### III. Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. The case is **DISMISSED** without prejudice for lack of standing.
2. The pending motions to dismiss and motion for summary judgment (Docs. 25, 26, 37, 44) are **DENIED AS MOOT**.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **March 27, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiff is cautioned that the valid arguments contained within Defendants' motions to dismiss pose serious threats to the viability of Plaintiff's claims, even at the pleading stage. Plaintiff is advised to carefully examine the merits of his claims, the pleading standards under Rule 9, and the proper defendants to this action.