UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT,<br><br>   Plaintiff,<br><br>  v.<br><br>TULARE COUNTY, et al.,<br><br>   Defendants. | Case No.: 1:21-cv-00768 JLT SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)<br><br>(Doc. 64) |

The Court entered judgment in this matter was entered on March 27, 2023, following the Court's dismissal of Plaintiff's claims for lack of standing. (Docs. 62, 63.) Plaintiff now moves pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. (Doc. 64.)

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A

1

Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

Plaintiff argues the Court committed clear error in concluding he lacked standing. (Doc. 64 at 3.) More specifically, he contends it is "obvious" that a purported contract—which was never alluded to prior to the Court's order to show cause— "concerns Plaintiff's financing of purchases of properties recorded as Recording No. 2004-0038564 (Tulare), Recording No. 2004-0100898 (Tulare), Recording No. 2005-0019813 (Tulare), Recording No. 0508195 (Kings), Recording No. 0508194 (Kings), Recording No. 2005-0034191 (Tulare) and Recording No. 0605720 (Kings) . . . for $ 2,560,000." (*Id*. at 2.)

Notwithstanding the pleading deficiencies with respect to the purported contract, Plaintiff points to no provision of the contract evincing assignment of the properties at issue. More importantly, he addresses none of the Court's prior analysis and provides no argument to support a finding of clear error[1] warranting an "extraordinary remedy" such as the one Plaintiff seeks. In addition, the Court dismissed this action without prejudice. Thus, to the extent Plaintiff, in *good faith*, believes he may establish standing to bring a claim, the Court has not precluded him from doing so. Without legal support, he asserts that his "inartful writing" does not mean he lacks standing because standing is a "matter of substance, not writing ability." (Doc. 64 at 3.) Even still, Plaintiff bears the burden to plead facts sufficient to establish standing, and he failed to do so. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (holding that "the irreducible constitutional minimum of standing contains three elements" that the party invoking federal jurisdiction has the burden of establishing).

In sum, Plaintiff has presented no argument or evidence that would undermine the Court's findings. More importantly, with his current motion, he has failed to present newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law

---

[1] "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020) (citing *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018)) (internal quotation marks omitted).

that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. In the instant motion, Plaintiff merely disputes the findings of the Court and presents the same arguments he offered earlier and which the Court rejected. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Accordingly, Plaintiff's motion (Doc. 64) is **DENIED**.

IT IS SO ORDERED.

Dated: __**April 11, 2023**__

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE