1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | RUNE KRAFT,

Case No.: 1:21-cv-00768 JLT SKO

12 |         Plaintiff,

ORDER DENYING PLAINTIFF'S RENEWED

13 |     v.

MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(e)

14 | TULARE COUNTY, et al.,

15 |         Defendants.

(Doc. 68)

16

17         The Court entered judgment in this matter on March 27, 2023, following the Court's dismissal

18 of Plaintiff's claims for lack of standing. (Docs. 62, 63.) On April 6, 2023, Plaintiff moved to modify

19 the judgment pursuant to Federal Rule of Civil Procedure 59(e), which the Court denied. (Docs. 64,

20 67.) On April 18, 2023, Plaintiff filed a document titled "Plaintiff's Objections" under Rule 46, which

21 the Court construes as a renewed motion for reconsideration.[1] For the reasons set forth below, the

22 motion is **DENIED**.[2]

23 *///*

24

25 [1] Because Federal Rule of Civil Procedure 46 governs objections at trial and does not provide for objections to a district judge's order prior to trial, courts within this Circuit have frequently construed motions brought under
26 Rule 46 as motions for reconsideration under Rule 59(e). *See, e.g.*, *Meeks v. Nunez*, 2017 WL 262058, at \*1 (S.D. Cal. Jan. 19, 2017), *dismissed*, No. 17-55159, 2017 WL 3445131 (9th Cir. Mar. 3, 2017); *Borsotti v.*
27 *Nationstar Mortg., LLC*, 2018 WL 6252457, at \*1 (C.D. Cal. Mar. 1, 2018); *Lagmay v. Nobriga*, 2016 WL 2733101, at \*1-2 (D. Haw. May 10, 2016).
28 [2] The Court incorporates the factual background of this matter from its order dismissing the case for lack of standing. (*See* Doc. 62 at 1-2.)

## I. Legal Standard

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

## II. Discussion and Analysis

Plaintiff raises six "objections" to the Court's order, three of which were previously raised and will not be addressed again.[3] *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (explaining that motions for reconsideration are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented"). Likewise, Plaintiff's remaining arguments are insufficient to support a finding of clear error warranting reconsideration.

Plaintiff first argues that the Court "has been on a mission to prevent Plaintiff from accessing civil justice, doing an end-run around the rules of evidence." (Doc. 68 at 3-5.) More specifically, he argues that the Court "has been judicially noticing incomplete contents of proceedings not for the

---

[3] Relying on *Faretta v. California*, 422 U.S. 806, 813 (1975), Plaintiff argues that he has a right to represent his own proprietary interests. (*See* Doc. 68 at 5-6.) This argument was previously raised in Plaintiff's response to the Court's order to show cause and addressed accordingly. (*See* Doc. 61 at 8 ["The right of a party to a legal action to represent his or her own cause has long been recognized in the United States, and even predates the ratification of the Constitution."]; Doc. 62 at 6.) Similarly, Plaintiff reiterates the assertion that he has standing as assignee and the Court must abide by precedent. (*Compare* Doc. 61 at 13-14 *with* Doc. 68 at 8-12.) Finally, Plaintiff argues the Court should only address issues raised by the parties, an argument previously raised by Plaintiff and rejected by the Court. (*See* Doc. 61 at 7-8; Doc. 62 at 2-3; Doc. 68 at 13-14.)

1   purpose of establishing the existence of such records, but for the sole purpose of citing the contents of

2   such records for improper evidentiary purposes." (*Id.* at 4.) Plaintiff fails to indicate when or where the

3   Court took judicial notice of the "contents" of another proceeding, as well as to which "adjudicative

4   facts" he refers. Moreover, to the extent Plaintiff is arguing that the Court may not cite to other district

5   court decisions, he offers no authority to support such a novel contention. *See Joe Hand Promotions*

6   *Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 784 (D. Ariz. 2019) ("[d]istrict court opinions are relevant for

7   their persuasive authority"); *see also Jones v. Synergetic Commc'n, Inc.*, 2018 WL 6062414, at *5

8   (S.D. Cal. Nov. 20, 2018) ("As a decision by another federal district court judge, *Miran* is entitled to

9   as much deference as its persuasive value may warrant.") (citing *City of Fresno v. United States*, 709

10  F. Supp. 2d 888, 909 (E.D. Cal. 2010)).

11       Next, Plaintiff contends that the Court "has an obligation to facilitate a speedy adjudication."

12  (Doc. 68 at 6.) He asserts that he provided the Court "with mechanisms contained within Federal

13  Rules of Civil Procedure to speedily address any concerns it has with Plaintiff's ability to write." (*Id.*

14  at 7.) However, Plaintiff fails to advance any argument that the Court's obligation to facilitate a

15  speedy adjudication was in some way violated, and he fails to present new evidence or argument that

16  any potential delay in rendering a decision in this matter resulted in clear error warranting

17  reconsideration under Rule 59(e).[4]

18       Lastly, Plaintiff argues that the Court's order dismissing his claims "rests on the premise that

19  the district court has the authority to relieve the parties from the March 7, 2003 written and signed

20  contract." (Doc. 68 at 13.) He asserts that by "claiming to possess" such power, the Court is violating

21  the Constitution and stare decisis. (*Id.*) Again, Plaintiff fails to specify any language in the Court's

22  order indicating that it either (1) relieved the parties of their obligations under the purported contract

23

24  [4] Elsewhere in Plaintiff's motion, he appears to assert that the Court has intentionally delayed rendering a
    decision in this matter. (*See* Doc. 68 at 4 ["It is today 705 days since this action was filed, and the assigned
25  district judge has yet to rule on a single motion from the parties. Rather, she has been on a hunt for wrongs for
    almost two years, apparently combing other cases where Plaintiff has been a party to do an end-run around the
26  rules of evidence."].) Not only does Plaintiff provide no argument or evidence to support his position, but this
    assertion fails to take into consideration the substantial case load in the Eastern District of California, as
27  explained in the Court's standing order as well as the minute order notifying the parties that due to the Court's
    significant backlog and over 100 motions under submission, it may be months before the motion is resolved.
28  (*See* Docs. 49, 58.)

or (2) claimed to possess such authority. The issue facing the Court was whether Plaintiff sufficiently alleged standing to bring his claims. Plaintiff first mentioned a purported 2003 agreement in his response to the Court's order to show cause, and in finding that Plaintiff's allegations demonstrated he lacked standing, the Court noted that Plaintiff failed to "direct the Court to any allegation in the FAC mentioning a 2003 agreement, nor did he attach the agreement to his FAC." (Doc. 62 at 6.) The Court made no determination as to the validity or enforceability of the contract.

In sum, Plaintiff has presented no argument or evidence that would undermine the Court's findings. More importantly, with his current motion, he has failed to present newly discovered evidence, has failed to show that the Court committed clear error, and has failed to argue that an intervening change in the controlling law necessitates alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Instead, Plaintiff merely disputes the findings of the Court and presents many of the same arguments offered earlier and which the Court rejected. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Accordingly, Plaintiff's motion (Doc. 68) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 22, 2023**

UNITED STATES DISTRICT JUDGE